IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DAVID LARRY NELSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) CIVIL ACTION NO. |
| | ) 2:03cv1008-MHT |
| RICHARD F. ALLEN and | )     (WO) |
| GRANTT CULLIVER, | ) |
| | ) |
|    Defendants. | ) |

### ORDER

It is ORDERED that defendants' motions to reconsider allowing physician consultants to attend physical examination performed by court's independent expert (doc. nos. 90 & 103) are denied for the following reasons:

In the typical case, this court, generally, would allow one party's medical expert to attend an examination by the other party's medical expert, for this would allow the attending expert first-hand knowledge of what occurred at the examination. See, e.g., Vreeland v. Ethan Allen, Inc., 151 F.R.D. 551 (S.D. N.Y. 1993) (plaintiff's attorney allowed to be present at her

psychological examination, since his presence as an observer can be useful in preparing for cross-examination); Bartell v. McCarrick, 498 So.2d 1378, 1379 (Fla. Dist. Ct. App. 1986) ("absent any valid reason to prohibit the presence of a patient's counsel or other representative, their presence should be allowed"). However, if such attendance would significantly interfere with the examination, the court would disallow it. See e.g. Tirado v. Erosa, 158 F.R.D. 294 (S.D. N.Y. 1994) (plaintiff was not entitled to have her attorney and stenographer present at her examination by the defendant's psychiatric expert, where the expert indicated that the presence of third parties would be likely to interfere with the examination).

This court knows no reason to treat this death-penalty case any differently from the typical case. Therefore, because the defendants have not shown that the presence of the plaintiff's physician consultant would interfere in any way with the court expert's task, and

because the court's special master, David Boyd, does not think it will either, the court can think of no reason to disallow the attendance of the plaintiff's physician consultant.  Of course, the plaintiff's physician consultant is not to ask questions or participate in any way; he is to observe only.

    DONE, this the 10th day of October, 2006.


                         /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE